Filed 5/22/24  P. v. Samayoa CA6
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE LUIS SAMAYOA,<br><br>    Defendant and Appellant. | H047865<br>(Santa Clara County<br> Super. Ct. No. F1554476) |

Defendant Jose Luis Samayoa seeks resentencing under Penal Code section 654 as amended by Assembly Bill No. 518 and Penal Code section 1385 as amended by Senate Bill No. 81.[1]  In our prior unpublished opinion in this matter, we concluded Samayoa was not entitled to resentencing.[2]  After Samayoa petitioned for review, the California Supreme Court granted it and deferred the matter pending the finality of its opinion in *People v. Salazar* (2023) 15 Cal.5th 416 (*Salazar*).  The Court subsequently transferred the matter back to this Court with directions to vacate our prior decision and reconsider the cause in light of *Salazar*.

For the reasons below, we conclude *Salazar* compels a different conclusion than that of our prior decision.  Accordingly, we will reverse the judgment and remand the

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Samayoa* (Sept. 25, 2023, H047865) [nonpub. opn.].

matter to the trial court to give it the opportunity to exercise its discretion whether to resentence Samayoa.

## I. PROCEDURAL BACKGROUND

In 2016, a jury found defendant Jose Luis Samayoa guilty of first degree robbery in concert (§§ 211-213, subd. (a)(1)(A)); first degree residential burglary (§§ 459-460, subd. (a)); assault with a firearm (§ 245, subd. (a)(2)); and criminal threats (§ 422).[3] The jury also found Samayoa personally used a handgun in the commission of two of the offenses. (§ 12022.53, subd. (b).)

The trial court imposed an aggregate term of 30 years four months in prison, calculated as follows: the middle term of six years doubled to 12 years for the robbery conviction; a 10-year term for the firearm enhancement; one-third the middle term of one year doubled to two years for the assault conviction; one-third the middle term of eight months doubled to 16 months for the criminal threats conviction; and five years for the prior serious felony conviction. The court ordered the terms for the assault and criminal threats convictions to run consecutively, and the court stayed the term for the burglary conviction under section 654.

On direct appeal, we remanded the matter to the trial court for the limited purpose of allowing the trial court to exercise its discretion to resentence Samayoa based on the retroactive application of ameliorative changes in the applicable sentencing laws. On remand, the trial court had the discretion to strike the firearm enhancement and the prior serious felony conviction. At the resentencing hearing in January 2020, the court declined to exercise its discretion as to either term and reinstated the original judgment.

Samayoa timely filed the appeal at issue here. We appointed counsel, who filed an opening brief stating the case and the facts but raising no specific issues. Counsel

---

[3] The facts are set forth in this Court's unpublished opinion on direct appeal. (*People v. Samayoa* (Aug. 26, 2019, H044346) [nonpub. opn.].) We granted Samayoa's request to take judicial notice of the record in that appeal.

requested that we independently review the record under *People v. Wende* (1979) 25 Cal.3d 436. We treated counsel's filing as a brief filed under *People v. Serrano* (2012) 211 Cal.App.4th 496, and we notified Samayoa of his right to respond with a supplemental brief within 30 days. After Samayoa failed to respond, we dismissed the appeal as abandoned.

Samayoa then petitioned for review in the California Supreme Court, whereupon the court granted review and deferred briefing pending the resolution of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). After resolving *Delgadillo*, the Court transferred the matter back to us in June 2023 with directions to vacate our order of dismissal and reconsider whether to exercise our discretion to conduct an independent review of the record or provide any other relief in light of *Delgadillo* and Assembly Bill No. 518 (Assembly Bill 518). Accordingly, we vacated our prior order of dismissal and reconsidered the matter. Appointed counsel for Samayoa then filed a supplemental brief arguing that remand was required for the trial court to exercise its discretion whether to resentence Samayoa in light of Assembly Bill 518 and Senate Bill No. 81 (Senate Bill 81). Based on our retroactive application of Assembly Bill 518, we concluded the record as a whole showed the trial court would not exercise its discretion to impose a lesser term for the robbery and burglary offenses if we remanded for resentencing. We further held that because Senate Bill 81 only applied to sentencing hearings occurring after its effective date of January 1, 2022, Samayoa would not be entitled to relief under that legislation. We affirmed the judgment in a nonpublished opinion on September 25, 2023.

Samayoa again petitioned for review in the California Supreme Court, which granted the petition and deferred the matter pending the finality of the opinion in *Salazar*, *supra*, 15 Cal.5th 416. After the *Salazar* opinion became final, the California Supreme Court transferred Samayoa's matter back to this Court with directions to vacate our prior decision and reconsider the matter in light of *Salazar*. Both parties have filed supplemental briefing, and we now reconsider the matter.

3

## II. DISCUSSION

Samayoa argues we must remand to the trial court for possible resentencing based on *Salazar*, *supra*, 15 Cal.5th 416, and because the California Supreme Court transferred this matter back to this Court for reconsideration in light of *Salazar*. He argues that the Supreme Court would not have granted review and transferred the matter back to us if the Court had found our prior opinion was properly decided.

The Attorney General argues that *Salazar* confirms this Court applied the proper legal standard in our prior decision because the Supreme Court in *Salazar* simply reiterated the same standard we had previously applied. (See *Salazar*, *supra*, 15 Cal.5th at p. 419, quoting *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*) [the appropriate remedy is to remand for resentencing unless the record "clearly indicates" the trial court would have reached the same conclusion if it had been aware of its discretion].) The Attorney General contends we properly applied that standard to the record in our prior decision, and that nothing in *Salazar* supports a different outcome.

Samayoa concedes we stated the proper standard in our prior opinion, but he argues we misapplied it. He further contends he would be entitled to resentencing under Senate Bill 81 on remand.

### A. *Legal Principles*

" ' "Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record." [Citation.]' " (*Salazar*, *supra*, 15 Cal.5th at p. 424.) "[W]hen a sentencing court was not aware of the full scope of its discretionary powers at the time the defendant was sentenced, 'the appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]" that the trial court would have

4

reached the same conclusion "even if it had been aware that it had such discretion." '
[Citation.]" (*Id.* at p. 419.)

Remand is the default disposition. "[U]nless there is a clear indication from the sentencing court that it would be idle to do so, remand for resentencing is required. When the applicable law governing the defendant's sentence has substantively changed after sentencing, it is almost always speculative for a reviewing court to say what the sentencing court would have done if it had known the scope of its discretionary powers at the time of sentencing. Mere reliance on the length of the original sentence and attendant decisions, such as imposing consecutive sentences, imposing middle or upper term sentences, or declining to strike enhancements, is not sufficient to provide a clear indication of what a sentencing court might do on remand if it had been fully aware of the scope of its discretionary powers." (*Salazar*, *supra*, 15 Cal.5th at p. 431.)

### B. *Remand for Resentencing Under Assembly Bill 518*

As an initial matter, we reject Samayoa's assertion that the Supreme Court, by granting review and transferring the case back to this Court for reconsideration, intended to indicate that remand is required. "In granting a petition for review, the court decides only to accept the case and to address one or more of the issues tendered for review—this is *not* a decision on the merits of any issue as to which the court grants review." (*Rittiman v. Public Utilities Com.* (2022) 80 Cal.App.5th 1018, 1030.) "The grant and transfer procedure is commonly used, and it is *not* a merits decision." (*Ibid.*) Accordingly, we will reconsider the matter only as ordered by the Supreme Court—that is, in light of the Court's application of the standard for remand in *Salazar*, *supra*.

At the time of the January 2020 sentencing hearing, section 654 required the sentencing court to punish a defendant convicted for the same act under multiple provisions of law based on the provision of law that provided for the longest potential term of imprisonment. Consistent with the law then in effect, the trial court in January 2020 reinstated the previous judgment, imposing a 12-year term for the robbery

5

conviction while staying an unspecified term for the burglary conviction under section 654.

Effective January 1, 2022, Assembly Bill 518 amended section 654 to give trial courts the discretion to punish such an act under either provision of law. (*People v. Mani* (2022) 74 Cal.App.5th 343, 350.) The Attorney General has conceded that Assembly Bill 518 applies retroactively to Samayoa under the doctrine of *In re Estrada* (1965) 63 Cal.2d 740. Because Assembly Bill 518 constitutes an ameliorative change in the sentencing laws, and Samayoa's judgment of conviction is not yet final, this concession is well-taken. Under Assembly Bill 518, the court on remand would have the discretion to stay the term for the robbery conviction and impose a lower term for the burglary conviction instead.

In our prior opinion affirming the judgment, we considered the trial court's statements at the prior sentencing hearing, when the court declined to strike either the 10-year term for the firearm enhancement or the five-year term for the prior serious felony conviction. The court cited, among other factors: the seriousness of the offense, which the court described as "horrible" and "horrifying"; the increasing seriousness of the offenses committed as part of Samayoa's criminal history; his failure to accept responsibility for his actions; the injury suffered by the victim; and the possibility that multiple deaths could have occurred during the commission of the offense. Based on these statements, we concluded the court would not exercise its discretion to impose a lesser sentence.

Nonetheless, Samayoa argues the trial court also made statements at the January 2020 hearing that show the court might exercise its discretion to resentence him under version of section 654 as revised by Assembly Bill 518. As noted above, the trial court at that hearing had the discretion to strike a 10-year firearm enhancement and a five-year term for a prior serious felony conviction. Although the court declined to strike either, the court stated that the decision whether to strike the five-year term was a "closer case."

6

The court also took note of Samayoa's "hard work" and "good work" to improve his conduct record while in custody, adding, "you pretty have much done everything we could possibly expect of you to do since you left the county [jail]."

The Attorney General is correct that our prior decision applied the "clearly indicates" standard of *Gutierrez*, *supra*, 58 Cal.4th at page 1391, and that the Supreme Court in *Salazar* cited the same standard. (*Salazar*, *supra*, 15 Cal.5th at p. 419.) But *Salazar* did not simply repeat the Court's prior holdings; the Court provided further guidance on the proper application of the standard. The Court emphasized that "remand is the default," and "it is almost always speculative" for a reviewing court to say what the sentencing court would have done. The Court further added, "Mere reliance on the length of the original sentence and attendant decisions, such as imposing consecutive sentences, imposing middle or upper term sentences, or declining to strike enhancements, is not sufficient to provide a clear indication of what a sentencing court might do on remand if it had been fully aware of the scope of its discretionary powers." (*Id.* at p. 431.)

We therefore agree with Samayoa that remand is proper given *Salazar*'s clarified application of the "clearly indicates" standard. On remand, the trial court would have the discretion under section 654 to impose a term for the first degree burglary conviction in place of the term for the first degree robbery conviction. The court had originally imposed a 12-year term for the robbery conviction (the six-year middle term doubled for the strike prior). If the court on remand were to stay that term and impose an eight-year term for the burglary conviction (double the four-year middle term under section 461, subdivision (a)), that would reduce Samayoa's aggregate sentence by four years. Looking to the record as a whole, and in light of the court's prior statement that it was a "close[] case" whether to strike a five-year term, we conclude the record does not clearly indicate the court would decline to exercise its discretion to resentence Samayoa.

Accordingly, we will remand the matter for resentencing under section 654 as revised by Assembly Bill 518. We express no opinion on how the trial court should exercise its sentencing discretion.

### C. Resentencing Under Senate Bill 81

Samayoa contends he is also entitled to resentencing under Senate Bill 81 on remand. The Attorney General does not respond to this claim.

"In 2021, the Legislature enacted Senate Bill No. 81, which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.)" (*People v. Sek* (2022) 74 Cal.App.5th 657, 674 (*Sek*).) Section 1385 as amended provides in part, "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1).)

Section 1385, subdivision (c)(2) further provides, "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (*Id.*, subd. (c)(2).) Subdivision (c)(2)(C) of section 1385 provides that if "[t]he application of an enhancement could result in a sentence of over 20 years," the trial court "shall . . . dismiss[ ]" the enhancement." Subdivision (c)(2)(H) further provides for dismissal of an enhancement that is "based on a prior conviction that is over five years old."

Samayoa argues he is entitled to resentencing under each of the mitigating circumstances set forth in subdivisions (c)(2)(C) and (c)(2)(H) of section 1385. He points

out that the trial court imposed a five-year term under section 667, subdivision (a)(1) for a prior serious felony conviction in March 2011.  He further argues his sentence was over 20 years in length as a result of the five-year strike prior.

We note that several courts of appeal have rejected the applicability of Senate Bill 81 with respect to strike priors.  (*People v. Dain* (2024) 99 Cal.App.5th 399 [Senate Bill 81 does not apply to prior strike convictions]; *People v. Olay* (2023) 98 Cal.App.5th 60 [the term "enhancement" in section 1385, subdivision (c) does not include prior strikes]; *People v. Burke* (2023) 89 Cal.App.5th 237, 244 [same].)  However, in the absence of a trial court ruling on these issues, they are not ripe for our consideration on appeal.

We hold only that the applicability of Senate Bill 81 is not foreclosed by the timing of the sentencing hearing on remand.  The requirements of section 1385 as amended " 'shall apply to sentencings occurring after the effective date of' Senate Bill No. 81.  (Stats. 2021, ch. 721, § 1, enacting § 1385, subd. (c)(7).)"  (*Sek*, *supra*, 74 Cal.App.5th at p. 674.)  Such a sentencing hearing will be held on remand.  Accordingly, Samayoa may present argument to the trial court concerning the applicability of any mitigating circumstances enumerated in section 1385.

### III.    DISPOSITION

The judgment is reversed, and the matter is remanded to the trial court for the limited purpose of resentencing.  Upon remand, the court shall hold a resentencing hearing at which it may exercise its discretion to resentence Samayoa under section 654 as amended by Assembly Bill No. 518 and section 1385 as amended by Senate Bill No. 81.  If the trial court declines to modify Samayoa's sentence, it shall reinstate the judgment.

_____
Greenwood, P. J.

WE CONCUR:


_____
Grover, J.




_____
Danner, J.




H047865
People v. Samayoa